[Civ. No. 14726. Third Dist. Nov. 16, 1976.]

THOMAS K. WILSON et al., Petitioners, v.
THE SUPERIOR COURT OF SACRAMENTO
COUNTY, Respondent;
NELL M. ENID, Real Party in Interest.

## COUNSEL

Bronson, Bronson & McKinnon, John W. Crowley and Richard A. Ardoin for Petitioners.

No appearance for Respondent.

Friedman, Collard & Kauffman, Wade R. Thompson and Morton Friedman for Real Party in Interest.

## OPINION

**PUGLIA, P. J.**—This case presents the question whether a taxpayer waives the privilege of confidentiality attaching to his copies of income tax returns when he files a lawsuit placing the contents of those returns directly in issue.

In a complaint filed in superior court naming petitioners as defendants, real party in interest Nell M. Enid (hereinafter "plaintiff") alleges that petitioners, Olin and Wilson (hereinafter "defendants"), are partners doing business as Olin and Wilson, Accountants; that she hired defendants in 1972 to "advise and handle her tax problems;" that defendants negligently and improperly advised her on the tax consequences of a sale of real property; that as a result she was damaged in the sum of $28,518 plus interest from April 15, 1973.

Defendants moved in superior court for an order compelling plaintiff to produce for inspection and copying her federal and state income tax returns for the tax years 1965 through 1973 (Code Civ. Proc., §§ 2031, 2034, subd. (a)), or in the alternative for a protective order suppressing any evidence at trial of the amount of taxes plaintiff paid or should have paid for the 1972 tax year (Code Civ. Proc., § 2034, subd. (b)(2)(ii).) The trial court denied the motion, citing *Webb* v. *Standard Oil Co.* (1957) 49 Cal.2d 509 [319 P.2d 621]. Defendants seek a writ of mandate directing the trial court to vacate its order and to grant their motion. Because the issue presented has never before been decided, we issued an order to show cause (*Pacific Tel. & Tel. Co.* v. *Superior Court* (1970) 2 Cal.3d 161, 167-171 [84 Cal.Rptr. 718, 465 P.2d 854]; *Associated Brewers Distr. Co.* v. *Superior Court* (1967) 65 Cal.2d 583, 585 [55 Cal.Rptr. 772, 422 P.2d 332]).

Plaintiff resists defendants' discovery initiative on the ground of privilege. The seminal authority on the issue raised is *Webb* v. *Standard Oil Co., supra,* relied on by the trial court. In *Webb,* the Supreme Court held that forcing the taxpayer to produce a copy of his income tax returns would defeat the legislative purpose underlying Revenue and Taxation Code section 19282. That section prohibits disclosure by public employees of state personal income tax returns or their con- The purpose of the section "is to facilitate tax enforcement by encouraging a taxpayer to make full and truthful declarations in his return, without fear that his statements will be revealed or used against him for any other purposes." (*Webb* v. *Standard Oil Co., supra,* 49 Cal.2d at p. 513.) The *Webb* court concluded that "The effect of the statutory prohibition is to render the returns privileged, and the privilege should not be nullified by permitting third parties to obtain the information by adopting the indirect procedure of demanding copies of the tax returns." (P. 513; see also *Sav-On Drugs, Inc.* v. *Superior Court* (1975) 15 Cal.3d 1, 6 [123 Cal.Rptr. 283, 538 P.2d 739].) Moreover, since federal income tax returns contain substantially the same information as the state return for the corresponding period, copies of the taxpayer's federal returns are likewise privileged. (*Webb* v. *Standard Oil Co., supra,* at pp. 513-514.)

By analogy to Revenue and Taxation Code section 19282, as interpreted in *Webb,* similar nondisclosure provisions in other tax statutes have been construed to prohibit compelled production by the taxpayer of copies of corporation tax returns (*Aday* v. *Superior Court* (1961) 55 Cal.2d 789, 796-797 [13 Cal.Rptr. 415, 362 P.2d 47]), employment tax returns (*Crest Catering Co.* v. *Superior Court* (1965) 62 Cal.2d 274, 276-277 [42 Cal.Rptr. 110, 398 P.2d 150]), and sales tax returns (*Sav-On Drugs, Inc.* v. *Superior Court, supra,* 15 Cal.3d 1, 6-7).

 Neither party disputes the privileged status of a taxpayer's copies of income tax returns. Defendants claim, however, that plaintiff waived the privilege by filing a complaint which tendered issues as to the existence, content and tax consequences of her returns. It is clearly established that such privileges can be waived. (*Sav-On Drugs, Inc.* v. *Superior Court, supra,* 15 Cal.3d at p. 7; *Crest Catering Co.* v. *Superior Court, supra,* 62 Cal.2d at pp. 277-279; *Vogan* v. *McLaughlin* (1959) 172 Cal.App.2d 65, 72 [342 P.2d 18]; see also *Gallagher* v. *Boller* (1964) 231 Cal.App.2d 482, 491-492 [41 Cal.Rptr. 880].) However, none of the cases in which the privilege has been upheld or in which waiver has been

found has involved a taxpayer whose action made the execution and content of the return themselves the issue.

Plaintiff rejects the proposition that a tender of that issue constitutes a waiver of the privilege. She asserts that the few statutory litigant waiver provisions (Evid. Code, § 958 [litigant waiver of attorney-client privilege]; Evid. Code, §§ 996, subd. (a), and 1016, subd. (a) [litigant waiver of physician-patient and psychotherapist-patient privileges]) evince a legislative purpose to limit the exceptions to those enumerated by statute. Plaintiff's argument overlooks the fact that the privilege accorded copies of the taxpayer's returns was not expressly created by statute. Rather, in the *Webb* case, it was interpolated from a statutory prohibition against disclosure directed exclusively to public employees and the policy underlying that statute. It is for the courts to interpret the meaning and construe the applicability of a " 'judicially created rule' " (*Rodriguez* v. *Bethlehem Steel Corp.* (1974) 12 Cal.3d 382, 395 [115 Cal.Rptr. 765, 525 P.2d 669]). Furthermore, the probable occasion for further judicial definition of the "ambit of the privilege considered" herein was recently adumbrated by the Supreme Court in *Sav-On Drugs, Inc.* v. *Superior Court, supra,* 15 Cal.3d at page 8.

A frequently quoted passage dealing with the physician-patient privilege in former Code of Civil Procedure section 1881, subdivision 4, best expresses the rationale for implying a litigant waiver of privilege: "The whole purpose of the privilege is to preclude the humiliation of the patient that might follow disclosure of his ailments. When the patient himself discloses those ailments by bringing an action in which they are in issue, there is no longer any reason for the privilege. The patient-litigant exception precludes one who has placed in issue his physical condition from invoking the privilege on the ground that disclosure of his condition would cause him humiliation. He cannot have his cake and eat it too." (*City & County of S. F.* v. *Superior Court* (1951) 37 Cal.2d 227, 232 [231 P.2d 26, 25 A.L.R.2d 1418].) Applying the principle just stated, it was held that a plaintiff suing to recover damages for income lost as a result of injury from defendant's negligence could not assert the privilege against self-incrimination as to questions pertaining to the filing of income tax returns (*Newson* v. *City of Oakland* (1974) 37 Cal.App.3d 1050, 1055-1057 [112 Cal.Rptr. 890]).[1] ■ The privilege against self-

---

[1] The *Newson* court was not faced with a claim of privilege as to plaintiff's tax returns and their content because plaintiff's answer revealed that he had not filed federal or state tax returns for the period preceding his injury, in which he testified he had earned substantial income.

incrimination, like the taxpayer privilege here involved, is neither created nor defined by statute and is dependent for its elaboration upon judicial decision. (See Evid. Code, §§ 930, 940; Witkin, Cal. Evidence (2d ed. 1966) Witnesses, § 896, p. 830.)

 We believe the rationale applied in *City & County of S. F.* v. *Superior Court, supra,* is equally applicable here. By her complaint, plaintiff has placed in issue the existence and the content of her tax returns and the tax consequences of the computations thereon. The gravamen of her lawsuit is so inconsistent with the continued assertion of the taxpayer's privilege as to compel the conclusion that the privilege has in fact been waived. (*Crest Catering Co.* v. *Superior Court, supra,* 62 Cal.2d at p. 278.) Moreover, establishment of all the essential elements of plaintiff's case will be impossible without proof of statements and computations in her tax returns. To permit plaintiff to produce evidence of the contents of those returns (but see Evid. Code, § 1500 et seq.) while successfully resisting their disclosure on grounds of privilege would be manifestly unfair to defendants. Accordingly, plaintiff can either maintain her lawsuit or the confidentiality of her returns, but not both. Defendants are entitled to discover plaintiff's state and federal income tax returns for the period placed in issue by the underlying action. Plaintiff's complaint alleges negligent and improper advice, computation and preparation of her taxes for the year 1972. Defendants are thus clearly entitled to disclosure of copies of plaintiff's 1972 state and federal income tax returns.

Defendants, however, seek discovery of plaintiff's returns for all tax years from 1965 through 1973. Defendants seek to justify their demand for plaintiff's pre-1972 income tax returns in order to determine whether plaintiff mitigated the effect of the allegedly excessive 1972 tax payments by averaging her 1972 income with that reported in prior years. To gain the benefit of this tax-saving device, income from the four immediately preceding taxable years may be averaged with that of the taxable year (1972) in which the benefit is claimed (26 U.S.C.A. § 1302, (c)(3)). Thus plaintiff's returns for the tax years 1968 through 1971 would reveal the extent to which plaintiff's damages either were reduced or could have been reduced by income averaging.

Defendants also demand discovery of plaintiff's post-1972 returns. The crux of plaintiff's complaint is that due to defendants' negligent and improper advice relative to a 1972 sale of her real property, she was

unable to take advantage of the tax benefits provided for income from installment sales of real property where the payments received in the year of sale do not exceed 30 percent of the selling price. (26 U.S.C.A. § 453.) Defendants correctly point out that section 453 of the Internal Revenue Code merely permits deferred reporting of income; in order to determine plaintiff's net loss, i.e., her damages, the tax paid on any nondeferred sale proceeds in 1972 must be reduced by the amount of taxes which would have to have been paid in subsequent years had the income actually been deferred in 1972.

Thus it appears that plaintiff's action for damages tenders issues involving the existence and content of her returns for several years immediately surrounding 1972. In order to mitigate damages through income averaging, defendants at minimum must have access to so much of plaintiff's returns for tax years 1968 through 1971 as is necessary to ascertain the amount of income reported and either actually averaged or available for averaging. Similarly, plaintiff's post-1972 tax returns for years to which section 453, if applicable, would have permitted income deferral must be made available at least to the extent necessary to permit ascertainment of plaintiff's tax bracket and any other information relevant to accurate computation of plaintiff's actual damages. Additionally, on a showing of relevance in the trial court, defendants must be permitted discovery of any other information from defendants pre- and post-1972 tax returns relevant to the establishment of a legitimate defense to the action. Having initiated this action over her tax returns, plaintiff cannot interdict legitimate defenses thereto by asserting a privilege as to the very matters she has placed at issue in the litigation.

Let a peremptory writ of mandate issue directing the trial court to vacate its order denying defendants' motion for discovery and to take further proceedings in accord with this opinion.

Janes, J., concurred.