[Civ. No. 49346. First Dist., Div. Three. Oct. 28, 1980.]

FLORRIE H. MILLER, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
HESSION, CREEDON, HAMLIN, KELLY, HANSON &
FARBSTEIN et al., Real Parties in Interest.

**COUNSEL**

Donald Nemir and Thomas Theodores for Petitioner.

No appearance for Respondent.

Edward J. McFetridge, Cyril Viadro and St. Clair, Zappettini, McFetridge & Griffin for Real Parties in Interest.

OPINION

WHITE, P. J.—This petition questions a trial court ruling permitting discovery of matters alleged to be protected by the attorney-client privilege. Petitioner is the plaintiff in a malpractice lawsuit against one of her former attorneys. She has been required by the trial court to disclose the content of communications between herself and attorneys consulted after the alleged 1971 malpractice. This discovery is said to be justified by waiver of the privilege when petitioner filed the lawsuit and asserted grounds for avoidance of the statute of limitations defense. We reaffirm our holding in *Lohman* v. *Superior Court* (1978) 81 Cal.App. 3d 90 [146 Cal.Rptr. 171], that the attorney-client privilege is not waived by plaintiff in this situation placing in issue the content of a confidential communication. We therefore issue writ of prohibition to prevent the trial court from enforcing its discovery order.

Petitioner's lawsuit alleges that her former attorney, Ross Hamlin, negligently represented her in her dissolution action in 1971, resulting in the undervaluation of community property stock retained by her ex-husband. In her complaint, petitioner alleged that she did not become aware of her actual damages or the real value of the stock until 1977. Real parties raised the statute of limitations as a defense and in discovery asked petitioner about communications with other attorneys after the alleged malpractice by Hamlin. Petitioner named 7 attorneys she had consulted since 1971, but objected that her communications with the named attorneys were confidential, identifying some 44 letters and memoranda covered by the attorney-client privilege.

Real parties moved to compel petitioner to answer questions concerning her communication with these attorneys regarding the subject matter of her lawsuit against real parties. The trial court granted the motion to compel, and this petition followed.

■ With certain exceptions, the client in an attorney-client relationship, "has a privilege to refuse to disclose, and to prevent another from disclosing, a confidential communication between client and lawyer...." (Evid. Code, § 954.) The only statutory exception even arguably applicable here is that contained in Evidence Code, section 958, which provides: "There is no privilege under this article as to a communication relevant to an issue of breach, by the lawyer or by the client, of a duty arising out of the lawyer-client relationship." Clearly, in an attorney breach case this exception applies only where the alleged

breach is by the attorney from whom the information is sought. Where, as here, the client has not alleged a breach by the attorney involved in the communication in question, the privilege for that communication remains intact.

Real parties' strongest argument is that petitioner waived her attorney-client privilege by filing a lawsuit in which her contact with other attorneys might be relevant to a statute of limitations defense. Real parties cite *In re Lifschutz* (1970) 2 Cal.3d 415 [85 Cal.Rptr. 829, 467 P.2d 557, 44 A.L.R.3d 1], in support of this argument. There, the court concluded that "in all fairness, a patient should not be permitted to establish a claim while simultaneously foreclosing inquiry into relevant matters." (2 Cal.3d at p. 433.)

The difficulty with applying the *Lifschutz* rationale is that there an Evidence Code provision, section 1016, specifically established an exception to the psychotherapist-patient privilege "as to a communication relevant to an issue concerning the mental or emotional condition of the patient if such issue has been tendered by: (a) The patient. . . ." No similar statutory exception exists for the attorney-client privilege.

Real parties ask us to apply a nonstatutory "fairness" implied waiver theory along the lines of that employed in *Merritt* v. *Superior Court* (1970) 9 Cal.App.3d 721 [88 Cal.Rptr. 337] and *Wilson* v. *Superior Court* (1976) 63 Cal.App.3d 825 [134 Cal.Rptr. 130]. They assert that if we fail to do this we will be violating the repeated Supreme Court injunction to strictly construe the attorney-client privilege in order to prevent unwarranted suppression of relevant facts (*City & County of S. F.* v. *Superior Court* (1951) 37 Cal.2d 227, 234 [231 P.2d 26, 25 A.L.R.2d 1418]; *Greyhound Corp.* v. *Superior Court* (1961) 56 Cal.2d 355, 396 [15 Cal.Rptr. 90, 364 P.2d 266]; *People* ex rel. *Dept. of Public Works* v. *Donovan* (1962) 57 Cal.2d 346, 354 [19 Cal.Rptr. 473, 369 P.2d 1].)

In *Wilson* v. *Superior Court, supra,* 63 Cal.App.3d 825, plaintiff brought suit against her accountants claiming they misadvised her on the tax consequences of a sale of real property. Then when the defendants sought discovery of her federal and state income tax returns she asserted nonstatutory confidentiality rights in those returns. The *Wilson* court, in ordering disclosure, recognized confidentiality rights, but concluded that they had been waived by filing a lawsuit which tendered in issue the contents of the tax forms. However, the *Wilson* court relied

heavily upon the fact that the privilege itself was not statutory, concluding that waiver rules could therefore be fashioned by the courts. *Wilson* has no application here, where the privilege is statutory.

*Merritt v. Superior Court, supra*, 9 Cal.App.3d 721, was a lawsuit against an insurance company for bad faith refusal to settle within policy limits. It was brought by the injured plaintiff as assignee of the insured's cause of action, and it alleged that counsel for the insurer had so confused plaintiff's counsel as to disable plaintiff from settling the case within policy limits. The insurer sought discovery of certain communications by plaintiff's attorney during preparation of the underlying lawsuit. The *Merritt* court upheld disclosure on the ground that plaintiff had placed in issue the decisions, conclusions and mental state of his then attorney by alleging that his confusion led to the failure to settle. Since plaintiff intended to prove his case by reference to the mental state of his counsel, the defendant was entitled to inquire into communications related to that state.

*Merritt* relied in part upon the principle that the attorney-client privilege tends to suppress otherwise relevant facts and is to be strictly construed (9 Cal.App.3d at p. 730). In *Lohman* we specifically distinguished *Merritt* in spite of that principle. We do so again here.

In *Lohman* the defendant pleaded the statute of limitations as an affirmative defense, claiming that the plaintiff was aware of defendant's role in the matter at the time of the initial complaint and could not therefore claim that the amended complaint related back to the initial complaint for statute of limitations purposes. Defendant sought information from plaintiff's counsel concerning his communications with her, attempting to show when the plaintiff became aware of defendant's involvement. We concluded that this discovery was improper because it invaded the attorney-client privilege, finding that what plaintiff knew was not privileged, but what she may have told her attorney was. We distinguished *Merritt* on the ground that there the plaintiff specifically put in issue his counsel's state of mind, whereas in *Lohman* it was only the plaintiff's knowledge which was placed in issue. The same distinction applies here. Petitioner Florrie Miller's state of knowledge is clearly in issue and may be proved by any competent evidence available to real parties. However, the mere fact that her state of mind is in issue does not cause a waiver of her privilege concerning confidential communications between her and attorneys she consulted after the alleged malpractice. There is no statutory waiver in such circumstances, and no

basis for creating a nonstatutory waiver. To do so would create an intolerable burden upon the attorney-client privilege, making it very difficult for the parties to the relationship to openly discuss matters which might eventually lead to litigation.

Let peremptory writ of prohibition issue, restraining the trial court from enforcing its order of February 29, 1980, requiring disclosure of confidential communications between petitioner and her various attorneys.

Scott, J., and Feinberg, J., concurred.

The petition of real parties in interest for a hearing by the Supreme Court was denied December 24, 1980.