[Civ. No. 29113. Fourth Dist., Div. Two. Nov. 19, 1982.]

FREMONT INDEMNITY COMPANY, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
NADER SHARIF et al., Real Parties in Interest.

COUNSEL

Haley & Bennett and Wayne T. Kistner for Petitioner.

No appearance for Respondent.

Thompson, Thompson & Brown and Allen K. Brown for Real Parties in Interest.

## OPINION

McDANIEL, J.—In these original proceedings, we are asked to pass upon the propriety of a protective order which prevents defendant fire insurance company from taking plaintiff insured's deposition in an action the insured brought on the policy. The trial court, under the guise of upholding plaintiff's constitutional privilege against self-incrimination, imposed such an order, effective until criminal proceedings, now pending against plaintiff on a charge of arson, are concluded.

Plaintiff owned a restaurant. The defendant issued a policy insuring against its loss by fire. Implicit in the record is the circumstance that the policy included an exclusion under which the insurer would be relieved of liability on the policy if it were shown that the insured's arson caused the loss.

After the fire, a criminal investigation into the origin of the fire was undertaken, and plaintiff came under suspicion. As a consequence, the defendant declined to pay plaintiff's claim. Because of this, plaintiff filed suit against his

insurer to recover the loss as well as damages alleged for a so-called bad faith refusal to settle the claim.

As part of its discovery efforts, defendant undertook to depose the plaintiff. Without recounting defendant's difficulties in this respect (we issued a peremptory writ of mandate in this same trial court proceeding several months ago, directing the trial court to vacate its order compelling defendant to produce certain documents before plaintiff had appeared for his deposition), it is enough to say here that such deposition was finally commenced on a date almost five months after the original noticed date. During the first day of the deposition it was recessed because of plaintiff's illness, and it was scheduled to resume about seven weeks later.

Before the resumption date arrived, counsel for plaintiff notified counsel for defendant that plaintiff would not appear for his deposition because he had been indicted for arson and therefore was asserting his constitutional privilege against self-incrimination.

Defendant then moved for an order to compel resumption of the deposition coupled with a request for sanctions including dismissal of the complaint if the plaintiff persisted in his refusal to submit to deposition. Plaintiff countered with a motion for a protective order which would suspend resumption of the plaintiff's deposition until the criminal matter could be concluded. The trial court denied the defendant's motion and granted the plaintiff's. Defendant's petition followed. We authorized issuance of the alternative writ, and the matter is now before us for disposition.

## DISCUSSION

As asserted by the petitioning defendant, "the central issue presented by this Petition is whether a civil Plaintiff can compromise the right of a civil defendant to engage in full discovery activity by asserting the privilege against self-incrimination."

The plaintiff for his part, in his return to the petition, does not meet the recited issue head on, but instead equivocates over the time when, in terms of the course of litigation, the privilege can yet be claimed and when it may have been relinquished. More exactly, the plaintiff appears to accept the proposition that *at trial* a litigant may not invoke the privilege against self-incrimination as to a question inquiring into a fact about which that litigant has himself already testified. However, plaintiff contends that the same "appropriate juristic consequences" do not obtain when the privilege is invoked at the discovery stage of the trial court proceedings, and that hence the privilege can be properly claimed unconditionally against all pretrial discovery efforts by the opposition.

In our view, the issue to be resolved has been better defined by the defendant. As we view it, the issue presented by the record here is whether a person can initiate a lawsuit and then by reliance upon the privilege against self-incrimination effectively prevent the party sued from getting at the facts by way of discovery, and thus prejudice preparation of his defense.

To develop a resolution of this issue, we turn first to the precedents already in the field which appear susceptible of marshalling in support of a workable rule.

In *Newson* v. *City of Oakland* (1974) 37 Cal.App.3d 1050 [112 Cal.Rptr. 890], the plaintiff motorcyclist who had collided with a newly constructed traffic island on an Oakland street sued the city on the theory that it maintained a dangerous condition of property under applicable sections of the Government Code. In this pre-*Li* case, the city interposed the defense of plaintiff's contributory negligence. The jury verdict was in favor of the defendant city.

On appeal, one of the assignments of error was that the trial court had erred in forcing the plaintiff to disclose the fact that he had not filed federal or state income tax returns for periods referred to in his own testimony concerning the extent of his earnings which were later diminished because of his disabling personal injuries. The appellate court in *Newson* affirmed the judgment, and, of interest here, held that compelling plaintiff to disclose his failure to file income tax returns was perfectly proper.

In commenting on this phase of the trial, the opinion states, "The [trial] court carefully explained its ruling to the jury, pointing out that Newson had a choice of answering the question or withdrawing his claim for earnings and 'couldn't have his cake and eat it too.' The court's ruling and underlying rationale was proper and amply supported by the law of this state in the analogous physician-patient privilege. As stated by our Supreme Court in *City & County of S. F.* v. *Superior Court* [1951] 37 Cal.2d 227 at page 232 [231 P.2d 26, 25 A.L.R.2d 1418]: 'The whole purpose of the privilege is to preclude the humiliation of the patient that might follow disclosure of his ailments. When the patient himself discloses those ailments by bringing an action in which they are in issue, there is no longer any reason for the privilege. The patient-litigant exception precludes one who has placed in issue his physical condition from invoking the privilege on the ground that disclosure of his condition would cause him humiliation. He cannot have his cake and eat it too.' " (*Newson* v. *City of Oakland, supra,* 37 Cal.App.3d 1050, 1055.)

The *Newson* case involved actual trial testimony, and the case quoted by the *Newson* court, as readily appears, was one which dealt with the physician-patient privilege.

This leads us on to *Wilson* v. *Superior Court* (1976) 63 Cal.App.3d 825 [134 Cal.Rptr. 130]. In *Wilson* the plaintiff brought a malpractice action against her former accountants who she alleged had improperly advised her on the tax consequences of a sale of real property. She further alleged that as a result she incurred extensive money damages. In the course of the *pretrial* discovery proceedings, defendants moved for an order to compel plaintiff to produce for inspection and copying her federal and state income tax returns for specified years.

The trial court denied the motion, citing *Webb* v. *Standard Oil Co.* (1957) 49 Cal.2d 509 [319 P.2d 621], in which our Supreme Court held that the particular statutory privilege raised by section 19282 of the Revenue and Taxation Code should not be nullified by permitting third persons to obtain taxpayer information by resort to the indirect procedure of demanding copies of the tax returns. (*Id.* at pp. 512-513.) In *Wilson,* because of the protection afforded the plaintiff by the order denying defendants' motion, defendants' petition for a writ of mandate followed, just as here.

In arguing for granting their writ petition, the contention of the defendant accountants in *Wilson* was that the plaintiff had *waived* her privilege by filing a complaint which tendered issues as to the existence, content and tax consequences of the returns. As to such contention, we observe parenthetically that there is no question but that the privilege can be waived. (*Sav-On Drugs, Inc.* v. *Superior Court* (1975) 15 Cal.3d 1, 7 [123 Cal.Rptr. 283, 538 P.2d 739].)

Notwithstanding, the plaintiff in *Wilson* argued that her tender of the issues noted was not a waiver. She asserted "that the few statutory litigant waiver provisions (Evid. Code, § 958 [litigant waiver of attorney-client privilege]; Evid. Code, §§ 996, subd. (a), and 1016, subd. (a) [litigant waiver of physician-patient and psychotherapist-patient privileges]) evince a legislative purpose to limit the exceptions to those enumerated by statute." (*Wilson* v. *Superior Court, supra,* 63 Cal.App.3d 825, 829.) The court responded that "Plaintiff's argument overlooks the fact that the privilege accorded copies of the taxpayer's returns was not expressly created by statute. Rather, in the *Webb* case, it was interpolated from a statutory prohibition against disclosure directed exclusively to public employees and the policy underlying that statute. It is for the courts to interpret the meaning and construe the applicability of a ' "judicially created rule" ' (*Rodriguez* v. *Bethlehem Steel Corp.* (1974) 12 Cal.3d 382, 395 [115 Cal.Rptr. 765, 525 P.2d 669])." (*Wilson* v. *Superior Court, supra,* 63 Cal.App.3d 825, 829.)

On the main issue of the availability of the privilege, the court relied upon the *Newson* language and that from *County of S. F.* already quoted above, adding, "[a]pplying the principle just stated, it was held that a plaintiff suing to recover

damages for income lost as a result of injury from defendant's negligence could not assert the privilege against self-incrimination as to questions pertaining to the filing of income tax returns (*Newson* v. *City of Oakland* (1974) 37 Cal.App.3d 1050, 1055-1057 [112 Cal.Rptr. 890]). [Fn. omitted.]" (*Id.* at p. 829.)

The *Wilson* court continued, "We believe the rationale applied in *City & County of S. F.* v. *Superior Court, supra,* is equally applicable here. By her complaint, plaintiff has placed in issue the existence and the content of her tax returns and the tax consequences of the computations thereon. The gravamen of her lawsuit is so inconsistent with the continued assertion of the taxpayer's privilege as to compel the conclusion that the privilege has in fact been waived. (*Crest Catering Co.* v. *Superior Court, supra,* 62 Cal.2d at p. 278 [42 Cal.Rptr. 110, 398 P.2d 150].) Moreover, establishment of all the essential elements of plaintiff's case will be impossible without proof of statements and computations in her tax returns. To permit plaintiff to produce evidence of the contents of those returns (but see Evid. Code, § 1500 et seq.) while successfully resisting their disclosure on grounds of privilege would be manifestly unfair to defendants. Accordingly, plaintiff can either maintain her lawsuit or the confidentiality of her returns, but not both. Defendants are entitled to discover plaintiff's state and federal income tax returns for the period placed in issue by the underlying action. Plaintiff's complaint alleges negligent and improper advice, computation and preparation of her taxes for the year 1972. Defendants are thus clearly entitled to disclosure of copies of plaintiff's 1972 state and federal income tax returns." (*Id.* at p. 830.)

Based upon the foregoing, the court in *Wilson* authorized issuance of a peremptory writ directing the trial court to vacate its order denying defendants' motion for *discovery* and to take further proceedings in accord with its opinion.

So it is here. *Newson,* a case which overrode plaintiff's effort to invoke his privilege against self-incrimination in a case which tendered issues as to which the otherwise privileged information was relevant, combined with the *Wilson* holding that a privilege waived by such tender could not be relied upon by the plaintiff even at the discovery phase of a civil case, brings us to the logical and analagous conclusion that plaintiff here cannot postpone *discovery* under the cloak of his Fifth Amendment privilege.

Plaintiff here has brought a civil action claiming rights under a fire insurance policy. In so doing, he has placed in issue all factual matters relevant to any exclusion clause in that policy. To reiterate, as stated in *Wilson,* "the gravamen of [his] lawsuit is so inconsistent with the continued assertion of [a] privilege as to compel the conclusion that the privilege has in fact been waived." (*Wilson* v. *Superior Court, supra,* 63 Cal.App.3d 825, 830.)

■ Based upon the foregoing, we hold that the plaintiff's filing of an action to recover on the fire insurance policy operated to waive his constitutional privilege against self-incrimination with reference to any factual issues, particularly as to the applicability of the arson exclusion, tendered by the complaint. Even so, plaintiff finally may yet claim his privilege, but he will have to dismiss his lawsuit if he persists in doing so. As variously stated in the authorities we have relied upon, "he cannot have his cake and eat it too."

Because of the rationale above discussed which led us to this holding, it is apparent that there is no precise time in the course of litigation before which the waiver can be said to be inapplicable. This disposes of plaintiff's attempt in his return to suggest a rule which would recognize a waiver during trial but not during discovery. The reason for the waiver rule above defined admits of no such differential.

However, to tie down any possible loose ends which might attend the holding just recited, a brief comment on the Supreme Court case of *Shepherd* v. *Superior Court* (1976) 17 Cal.3d 107 [130 Cal.Rptr. 257, 550 P.2d 161], is in order. In his opposition papers plaintiff quoted from *Shepherd* at length, and the language quoted does make a distinction between claiming the privilege at the discovery stage as compared to claiming it at trial. It is enough here to point out that the claim of privilege there under discussion had been made by the *defendants* in a wrongful death action. In the case now before us, it is the plaintiff who has claimed the privilege as to his own behavior which is vitally relevant to a coverage exclusion contained in the very fire insurance policy upon which he seeks recovery. In sum, *Shepherd,* does not in any sense represent authority applicable here.

## DISPOSITION

Let a peremptory writ of mandate issue to the Orange County Superior Court in No. 361990 directing it to vacate its orders of April 20, 1982, and to enter a new and different order compelling the plaintiff to appear for the resumption of his deposition at such time and place as the court shall deem appropriate, after consultation with counsel. Such new order shall also reaffirm the court's order of November 24, 1981, requiring plaintiff to produce certain documentary evidence as is in said order specified.

If plaintiff yet refuses to appear for deposition as ordered per directions herein and/or refuses to provide the documentary evidence as already ordered, the Orange County Superior Court shall entertain and grant defendant's motion to dismiss plaintiff's action.

Defendant shall be entitled to costs incurred in these proceedings as provided for in section 1027 of the Code of Civil Procedure.

Kaufman, Acting P. J., and Trotter, J., concurred.