95 F.3d 1158
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Aurelio PEDONE; Lidia Pedone; Plaintiffs-Appellants,
v.
STATE FARM FIRE AND CASUALTY COMPANY, Defendant-Appellee.
 No. 95-55323.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 7, 1996.
Decided Aug. 8, 1996.
 
 Before: FLETCHER, BEEZER, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 A. Directed Verdict on the Contract Issues.
 
 
 3
 We review the directed verdict de novo, to determine whether, viewing the evidence in the light most favorable to the nonmoving party, the evidence permits only one conclusion. Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir.1994). We have done so, and conclude that the directed verdict was properly granted. The evidence permits but one conclusion, that the Pedones made false, material statements to State Farm in the course of its investigation.
 
 
 4
 State Farm sought financial information to determine whether the Pedones had a financial incentive to burn their own house down in order to collect fire insurance. State Farm asked the Pedones to bring all documents relevant to their financial situation to an interview. The Pedones did not bring the papers showing that they had filed for bankruptcy. They had filed for bankruptcy the morning of the fire. Though it is conceivable that they did not know exactly when the bankruptcy petition had been filed on their behalf, the Pedones had to know that they had signed it. Mr. Pedone told State Farm under oath that his financial condition had not changed in five or six years, a statement any reasonable jury would have to find false and material in light of the bankruptcy filing the day of the fire, and the pending foreclosure on the house the Pedones were occupying at the time their other house was destroyed by fire. Mr. Pedone falsely denied that he had filed for bankruptcy.
 
 
 5
 Any reasonable jury would also have had to find that the Pedones falsified the inventory they submitted to State Farm on the loss, and failed to submit a sworn proof of loss as required by the policy. An inventory is not the same thing as a sworn proof of loss, because the sworn proof of loss is under penalty of perjury, and may cause a dishonest policyholder to draw back from a false statement in an unsworn inventory. The Pedones claimed goods and money were destroyed in the fire which they knew were not there. For example, they claimed $500 in cash and six Christian Dior robes worth $900 were destroyed, but these $1,400 worth of goods and cash were not even in the house.
 
 
 6
 Any reasonable jury would also have to find a breach of the Pedones' duty to cooperate with State Farm in its investigation. "An insurer may deny coverage on the basis of the insured's refusal to cooperate if it is substantially prejudiced by the refusal." Othman v. Globe Indemnity Co., 759 F.2d 1458, 1465 (9th Cir.1985) (citation omitted), overruled on other grounds, Bryant v. Ford Motor Co., 832 F.2d 1080 (9th Cir.1987). The Pedones materially breached this obligation by, among other ways, refusing to grant State Farm access to bank records which would show their financial condition. See id. (bank records and information regarding source of cash for inventory are material); Robinson v. National Automobile and Casualty Insurance Co., 282 P.2d 930, 932-34 (Cal.Ct.App.1955) (holding that plaintiff's refusal to answer questions regarding acquisition of safe deposit box and cash for jewelry "shows failure to give to the insurer that degree of cooperation required by the provisions of the policy" and is a violation of the agreement). Accordingly, the Pedones' refusal to provide requested financial documents provided a sufficient alternative basis for State Farm's refusal to pay the Pedones' claim.
 
 
 7
 B. Admission of Evidence of Income Tax Returns.
 
 
 8
 The Pedones argue that the district court erred in admitting testimony regarding the Pedones' tax returns. This argument is meritless. The Pedones waived the privilege for tax returns by agreeing to produce them in discovery, and for that matter, by filing their lawsuit. Fremont Indemnity Co. v. Superior Court, 187 Cal.Rptr. 137, 139-40 (Ct.App.1982) (holding that plaintiff's action to recover on a fire insurance policy "is so inconsistent with the continued assertion of the taxpayer's privilege as to compel the conclusion that the privilege has in fact been waived.")
 
 
 9
 C. The Pedones' Tort Claims.
 
 
 10
 The district court correctly granted summary judgment against the Pedones on their tort claims. We have reviewed the summary judgment de novo. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995).
 
 
 11
 The covenant of good faith and fair dealing could not have been breached, because, as explained above, State Farm did not breach its express contractual duty to pay on the policy. "Where benefits are withheld for proper cause, there is no breach of the implied covenant." Love v. Fire Insurance Exchange, 271 Cal.Rptr. 246, 255 (Ct.App.1990).
 
 
 12
 Also, the uncontradicted evidence demonstrated that State Farm's delay in paying, and ultimately, its refusal to pay, was reasonable. State Farm was advised not to pay by counsel and by its investigator. The fire department advised State Farm that in the opinion of its captain, Mr. Pedone had burned down his own house. Mr. Pedone left the house 16 to 21 minutes before the fire department received an alarm. The fire travelled downhill and not just uphill, and there were multiple points of origin, indicating to the fire department that an accelerant such as gasoline was used. The Pedones were in dire financial straits at the time of the fire, a fact about which Mr. Pedone had spoken falsely in his examination under oath. The Pedones had claimed assets of considerable value in the house in their inventory submitted to State Farm, yet disclosed far less value in assets to their creditors in their simultaneous bankruptcy petition.
 
 
 13
 An insurer will not be liable for bad faith denial or delay unless it acted unreasonably under the circumstances. Opsal v. United Services Automobile Ass'n, 10 Cal.Rptr.2d 352, 357 (Ct.App.1991). In the circumstances of this case, refusal to pay was eminently reasonable. That State Farm took thirteen months to be sure it was right, instead of jumping to a conclusion immediately, gave rise to no liability. There was no evidence of any bad faith reason for the delay, such as a desire to compromise an indisputable claim for less than its value, and much or all of the delay was attributable to the Pedones' own failure to cooperate. It is reasonable for an insurance company to delay payment while it actively seeks information essential to a determination of the merits of the claim. Blake v. Aetna Life Insurance Co., 160 Cal.Rptr. 528, 540 (Ct.App.1979) (it is not bad faith for an insurance company to delay paying a claim on a life insurance policy, which policy required proof of accidental death, where the insured submitted no proof and the coroner's report indicated that the insured probably intentionally ingested a lethal dose of barbiturates).
 
 
 14
 Pedone criticizes State Farm's investigation on the ground that the fire captain was not as experienced as their expert witness, the fire department report confused which of the Pedones' properties was in foreclosure and which was subject to foreclosure but not yet in foreclosure, and the investigation did not include some steps, such as soil samples, which their expert witness testified were a good way to pin down arson. The issue, however, is not whether there was or was not arson or whether the Pedones were arsonists. The issue is whether the Pedones' insurance coverage was voided because of their misrepresentations or failure to cooperate or both. They do not raise a genuine issue of fact as to whether State Farm's delay in paying or refusal to pay was unreasonable and in bad faith.
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3