Opinion
 

 KANE, J.
 

 Petitioner, respondent in an order to show cause re contempt, seeks a writ to prohibit respondent superior court from enforcing its order of March 25, 1977, requiring petitioner to produce and permit inspection and copying of his state and federal income tax returns for the years 1971 through 1976.
 

 Facts
 

 On December 10, 1976, an order to show cause re contempt issued upon the declaration of real party (hereafter wife) which showed that petitioner (hereafter husband) was $6,340 in arrears in child support
 
 *147
 
 accumulated pursuant to an interlocutory judgment of dissolution entered on October 22, 1971.
 

 On January 10, 1977, at the hearing on the matter, husband took the stand and testified that he was unable to provide any support for his three children.
 
 [1]
 
 The court thereafter ordered that husband make full disclosure to wife of the status of his physical, mental and emotional health, and reserved the issue of whether husband was in contempt of court until a further hearing on the matter.
 

 On March 11, 1977, wife noticed a motion for order for production and inspection of documents, including federal and state tax returns filed by husband for the tax years 1971 through 1976. On March 21, 1977, husband opposed the motion, asserting a claim of privilege. On March 25, 1977, after a hearing on the motion, the court granted the motion.
 

 Issue
 

 Does the judicially created privilege against disclosure of tax returns apply in proceedings to enforce child support orders made pursuant to the Family Law Act (Civ. Code,
 
 §
 
 4000 et seq.)?
 

 Discussion
 

 We have on this date and in another context reaffirmed the privileged nature of tax returns recognized in
 
 Webb
 
 v.
 
 Standard Oil Co.
 
 (1957) 49 Cal.2d 509 [319 P.2d 621], and reaffirmed in
 
 Aday
 
 v.
 
 Superior Court
 
 (1961) 55 Cal.2d 789 [13 Cal.Rptr. 415, 362 P.2d 47],
 
 Crest Catering Co.
 
 v.
 
 Superior Court
 
 (1965) 62 Cal.2d 274 [42 Cal.Rptr. 110, 398 P.2d 150], and
 
 Sav-On Drugs, Inc.
 
 v.
 
 Superior Court
 
 (1975) 15 Cal.3d 1 [123 Cal.Rptr. 283, 538 P.2d 739]
 
 (Brown
 
 v.
 
 Superior Court, ante,
 
 p. 141 [139 Cal.Rptr. 327]).
 
 [2]
 

 
 *148
 
 Husband contends that the privilege arising from judicial construction of statutes such as Revenue and Taxation Code sections 7056 and 19282, which prohibit the dissemination of tax information by administrative agencies, is available to him. We have concluded, however, that in the context of a proceeding to enforce child support orders made pursuant to the Family Law Act, tax returns of the defaulting party do not fall within the ambit of the privilege.
 

 In
 
 Sav-On Drugs,
 
 the court noted that although the statute being considered in that case (Rev. & Tax. Code, § 7056) was directed only toward administrative officers and did not expressly establish a privilege, it does manifest a clear legislative intent that disclosures made in tax returns should not be
 
 indiscriminately
 
 exposed to public scrutiny (p. 6). The court went on, however, to suggest that there may be circumstances under which discovery of tax returns and records would be permissible, as follows: “It may be noted in conclusion that no attempt has been made herein to define the full ambit of the privilege considered above, nor are we called upon to determine whether under other circumstances discovery of tax returns and records would be permissible.” (P. 8.) The foregoing language served as the impetus for the first judicially created exception to the judicially created rule
 
 (Wilson
 
 v.
 
 Superior Court
 
 (1976) 63 Cal.App.3d 825 [134 Cal.Rptr. 130]).
 

 We find a significant indication of legislative support for disclosure, in circumstances where a father fails to support his children, in a statutory exception to Revenue and Taxation Code section 19282, enacted by the Legislature subsequent to the court’s construction of that section in
 
 Webb.
 
 Section 19286.5 of the Revenue and Taxation Code, added in 1971, allows the Franchise Tax Board to permit the Director of Social Welfare or deputy directors, to inspect, provide an abstract of, or supply information concerning an item of income contained in the income tax returns of applicants for aid, recipients of aid, or
 
 responsible relatives,
 
 for the purpose of enabling the director or his deputy directors to verify or determine the eligibility or entitlement of an applicant for, or recipient of, public social services or the
 
 obligation of a responsible relative.
 
 The section also authorizes counties to request such information from the director, and the director may release such information to the director of a county from which the applicant receives aid.
 

 
 *149
 
 The Internal Revenue Code was amended in 1976 to make the same rule applicable to the Internal Revenue Service. 26 United States Code, section 6103, subdivision (7)(6)(A), provides that the secretary may “upon written request, disclose to the appropriate Federal, State, or local child support enforcement agency—[H] (i) available return information from the master files of the Internal Revenue Service relating to the address, filing status, amounts and nature of income . .. [of] any individual with respect to whom child support obligations are sought to be established or enforced pursuant "to the provisions of part D of title IV of the Social Security Act and with respect to any individual to whom such support obligations are owing, and [i] (ii) available return information reflected on any return . .. relating to the amount of such individual’s gross income .. . but only if such return information is not reasonably available from any other source.”
 
 [3]
 

 We conclude, and the foregoing statutes provide strong support for our conclusion, that the time has arrived when a policy favoring the confidentiality of tax returns must give way to the greater public policy of enforcing child support obligations. Although the children in the instant enforcement proceeding are not recipients of public social services, and thus are denied access to tax return information which may be disclosed to a public agency,
 
 [4]
 
 the same policy considerations apply no less to parties attempting to enforce child support obligations by private means in order that the children who stand to benefit thereby may not become public charges.
 

 Our decision is limited to the narrow issue of the assertion of the privilege of nondisclosure of income tax returns in the context of proceedings to enforce child support obligations. In that context, we hold that the privilege does not apply.
 

 
 *150
 
 Disposition
 

 The alternative writ is discharged. The petition for writ of prohibition is denied.
 

 Taylor, P. J., and Rouse, J., concurred.
 

 On July 12, 1977, the opinion was modified to read as printed above. Petitioner’s application for a hearing by the Supreme Court was denied August 25, 1977. Bird, C. J., and Mosk, J., were of the opinion that the application should be granted.
 

 [1]
 

 Husband was first advised by the court and his counsel of his constitutional privilege not to be called as a witness and not to testify (see
 
 Crittenden
 
 v.
 
 Superior Court
 
 (1964) 225 Cal.App.2d 101 [36 Cal.Rptr. 903]).
 

 [2]
 

 The foregoing authority is binding upon this court. Wife points out, however, that California is'in the minority in affording a tax privilege at all (see state and federal cases listed in Annot., Discovery and inspection of income tax returns in actions between private individuals, 70 A.L.R.2d 240, and supplements; 8 Wright & Miller, Federal Practice and Procedure, Civil, § 2019, pp. 162-163; and
 
 Heathman
 
 v.
 
 United States Dist. Ct. for Cent. Dist. of Cal.
 
 (9th Cir. 1974) 503 F.2d 1032, in which the court declined to apply
 
 Webb,
 
 holding that “26 U.S.C. § 6103(a)(2) only restricts the dissemination of tax returns by the government and that this section does not otherwise make copies of tax returns privileged.” (P. 1035.)).
 

 [3]
 

 26 United States Code, section 6103, subdivision (l)(6)(B), contains a restriction on disclosure as follows: “The Secretary shall disclose return information under subparagraph (A) only for purposes of, and to the extent necessary in, establishing and collecting child support obligations from, and locating, individuals owing such obligations.”
 

 [4]
 

 Revenue and Taxation Code, section 19287, provides: “Except as otherwise provided by this article, the information furnished or secured pursuant to either this article or the express provisions of law, shall be used solely for the purpose of administering the tax laws or other laws administered by the person or agency obtaining it. Any unwarranted disclosure or use of the information by the person or agency, or the employees and officers thereof, is a misdemeanor.”