[Civ. No. 65407. Second Dist., Div. Five. Dec. 21, 1982.]

In re the Marriage of RUTH D. and BYRD B. PARKS.
RUTH D. PARKS, Respondent, v.
BYRD B. PARKS, Appellant.

**COUNSEL**

Taylor, McCord, Paul & Johnson and Carol A. Weissman for Appellant.

No appearance for Respondent.

OPINION

**ASHBY, J.**—Husband appeals from orders after judgment and the denial of his motion to vacate a portion of a judgment.

Final judgment of divorce was entered on December 31, 1974. The judgment was pursuant to the stipulation of the parties and awarded to wife, as her share of community property, "One-half of the U.S. Navy Retirement pay of the Respondent husband, together with any increase thereon, to be paid to Petitioner by Respondent as received, from July 29, 1974, until further Order of the Court; . . ."

On July 20, 1981, wife filed an order to show cause to determine arrearages. She declared that since July 29, 1974, husband had been paying her $137.61 per month as her share of his navy retirement pay. He has never increased the amount paid to her, even though there have been many cost-of-living increases in his retirement pay. Husband has refused to provide, for the years 1975, 1977, and 1980, his W-2P form indicating the taxable navy retirement pay he received in those years. The Secretary of the Navy refuses to release this information to wife without written consent by husband. Wife requested that the court order husband to provide complete records at the hearing so that she may determine the exact amount of the arrearage.

On July 30, 1981, husband filed points and authorities in opposition to the motion to determine arrearages and moved to set aside that portion of the 1974 judgment awarding wife one-half of his retirement pay, contending that the provision was "void" under *McCarty* v. *McCarty* (1981) 453 U.S. 210 [69 L.Ed.2d 589, 101 S.Ct. 2728], decided June 26, 1981.

On November 9, 1981, the trial court denied husband's motion to set aside a portion of the judgment, and ordered husband to furnish wife a copy of his W-2P form concerning his retirement pay for the years 1975, 1977, and 1980, as well as a declaration of his 1981 retirement pay to date, and to pay wife her portion of the retirement pay. Husband appeals.

█ The United States Supreme Court's 1981 *McCarty* decision did not entitle husband to attack the 1974 judgment of dissolution, long since final. Applying United States Supreme Court standards for determining the retroactivity of that court's decisions, the California courts have concluded that *McCarty* does not retroactively affect California judgments which were final before the *McCarty* decision. (*In re Marriage of Sheldon* (1981) 124 Cal.App.3d 371, 376-380 [177 Cal.Rptr. 380]; *In re Marriage of Fellers* (1981) 125 Cal.App.3d

254, 256-257 [178 Cal.Rptr. 35]; *In re Marriage of McGhee* (1982) 131 Cal.App.3d 408, 411 [182 Cal.Rptr. 456]; see also *In re Marriage of Mahone* (1981) 123 Cal.App.3d 17, 21-22 [176 Cal.Rptr. 274].) Furthermore, the language "until further Order of the Court" at the end of the retirement pay provision of the 1974 judgment is not an express reservation of jurisdiction to redetermine the community property character of the retirement pay.[1]

Finally, husband contends the trial court erred in ordering him to provide copies of his W-2P forms, because such forms should be considered to come within California's judicially created privilege against disclosure of tax returns. (See *Miller* v. *Superior Court* (1977) 71 Cal.App.3d 145, 147 [139 Cal.Rptr. 521]; *Brown* v. *Superior Court* (1977) 71 Cal.App.3d 141, 143-144 [139 Cal.Rptr. 327].) There is no merit to the contention. If there was a privilege, it was waived by husband's agreement in the 1974 stipulated judgment that, "7. Each of us agrees, on the demand of the other, to execute or deliver any instrument, furnish any information, or perform any other act reasonably necessary to carry out the provisions of this agreement without undue delay or expense. . . ." ( *Crest Catering Co.* v. *Superior Court* (1965) 62 Cal.2d 274, 277-279 [42 Cal. Rptr. 110, 398 P.2d 150].) Here the W-2P forms are necessary to enable wife accurately to determine the amounts due under the judgment awarding her a half interest in the retirement pay, "together with any increase thereon . . . as received . . . ." We need not decide whether the W-2P forms would be privileged in the absence of such provision.[2]

---

[1] In any event, by subsequent letter to this court, husband abandoned his *McCarty* argument in light of recently enacted congressional legislation intended to overrule *McCarty* and reaffirm pre-*McCarty* judgments. (Pub.L. No. 97-252 (Sept. 8, 1982), tit. X, § 1006(b), 96 Stat. 718, 730, 737, 1982 U.S. Code Cong. & Admin. News, No. 8A.)

[2] This case seems distinguishable from those in which tax return information is sought because a party's income is relevant to one of the issues to be determined in the litigation. (E.g., *Brown* v. *Superior Court, supra,* 71 Cal.App.3d 141, 142 [action for personal injuries, defendant sought plaintiff's W-2 forms to rebut plaintiff's claim of lost wages due to injuries suffered in accident]; *Sammut* v. *Sammut* (1980) 103 Cal.App.3d 557, 559 [163 Cal. Rptr. 193] [wife's action for increased spousal support, husband sought wife's tax returns]; *In re Marriage of Brown* (1979) 99 Cal.App.3d 702, 704 [160 Cal.Rptr. 524] [husband's action to compel wife to pay child support, husband sought tax returns of wife's new husband].)

Here wife seeks to enforce an existing judgment which awards her a specified percentage of a specified fund. The court ought to have the means to compel husband to produce accurate records of the amounts in that fund, in order to enforce the judgment. (See Code Civ. Proc., § 128, subd. 4.) Husband does not suggest any other method by which the amount of the pension may accurately be determined. He ought not to hide behind the privilege and force wife and the court to guess at the amount of the pension or accept husband's uncorroborated testimony thereon. This could be a situation in which the privilege, which is subject to judicially created exceptions, must give way to other public policies. (See *Wilson* v. *Superior Court* (1976) 63 Cal.App.3d 825, 829 [134 Cal.Rptr. 130]; *Miller* v. *Superior Court, supra,* 71 Cal.App.3d at pp. 148-149.)

The orders are affirmed.

Stephens, Acting P. J., and Hastings, J., concurred.