[Civ. No. 28033. Fourth Dist., Div. One. July 26, 1983.]

In re the Marriage of MARILYN B. and RICHARD W. STENQUIST.
RICHARD W. STENQUIST, Appellant, v.
MARILYN B. STENQUIST, Respondent.

**COUNSEL**

Daniel B. Hunter and Hunter & Ryan for Appellant.

Harold F. Tyvoll, Roland B. Day and Rand, Day & Ziman for Respondent.

OPINION

**STANIFORTH, J.**—The California Supreme Court in *In re Marriage of Stenquist* (1978) 21 Cal.3d 779 [148 Cal.Rptr. 9, 582 P.2d 96], determined that to permit a spouse, by unilateral election to receive a military disability pension instead of a retirement pension, would allow the spouse to transmute community property into separate property and thereby negate the protective philosophy of the community property law of California. Thus the Supreme Court approved an award to the wife of that portion of the husband's disability pay which represented one-half of her community interest in what would have been her husband's normal retirement pension. On remand from the Supreme Court, the superior court issued its order that all prior orders of the court as set forth in the interlocutory and final judgment should remain in full force and effect (Sept. 20, 1982). Long after the remittitur had issued in *In re Marriage of Stenquist* (Aug. 8, 1978), the husband, in reliance upon the decision of the United States Supreme Court in *McCarty* v. *McCarty* (1981) (453 U.S. 210 [69 L.Ed.2d 589, 101 S.Ct. 2728]), ceased making payments to the wife. The wife sought, by a motion to compel, continuance of the payments. The husband opposed the motion, arguing that the *McCarty* decision and the later decision of *Ridgway* v. *Ridgway* (1981) 454 U.S. 46 [70 L.Ed.2d 39, 102 S.Ct. 49], had overruled *In re Marriage of Stenquist*. The superior court rejected the husband's contention and granted the wife's motion. The husband appeals.

*Discussion*

I

■ The husband seeks to reexamine a long final decision of our Supreme Court. If we assume *McCarty* is controlling (which it is not), it would have limited application only to those judgments not yet final at the time of the decision, to wit June 26, 1981. (*In re Marriage of Sheldon* (1981) 124 Cal.App.3d 371, 376, 384 [177 Cal.Rptr. 380]; *In re Marriage of Parks* (1982) 138 Cal.App.3d 346, 348-349 [188 Cal.Rptr. 26]; *In re Marriage of Fellers* (1981) 125 Cal.App.3d 254, 256-257 [178 Cal.Rptr. 35].) Thus, even if arguendo the husband's position is correct, it does not create a right to attack a decision final long before the *McCarty* decision.

Furthermore, the husband seeks to relitigate whether his disability retirement payments are, in part, properly treated as community property. This is the identical issue presented in *In re Marriage of Stenquist, supra,* before the California Supreme Court. He may not now question this judgment. (*Levy* v. *Cohen* (1977) 19 Cal.3d 165, 171 [137 Cal.Rptr. 162, 561 P.2d 252].) Not only does the doctrine of res judicata apply but also the doctrine

of the law of the case precludes reexamination here. (*People* v. *Triggs* (1973) 8 Cal.3d 884, 890-891 [106 Cal.Rptr. 408, 506 P.2d 232].)

## II

■ Although the reasons and rules discussed in I above dispose of the husband's appeal, we examine his argument that the State of California cannot award a spouse, as community property, a portion of disability retirement pay of a member of the Armed Forces of the United States because such an award is void as an unconstitutional infringement upon the supremacy clause of the United States Constitution. In support of this position, the husband cites a series of cases for the rule pensions granted by the federal government are a matter of bounty and no pensioner has a vested right in his pension, e.g., *United States* v. *Teller* (1883) 107 U.S. 64, 68 [27 L.Ed. 352, 354, 2 S.Ct. 39]; *McCarty* v. *McCarty, supra,* 453 U.S. 210.

Several things are wrong with the husband's reasoning. In the first place, *McCarty* does not purport to deal with disability retirement, the issue involved here. Further, the Congress on February 1, 1983, enacted the Uniformed Services Former Spouses' Protection Act (the Act), Public Law No. 97-252, an amendment to title 10 of the United States Code. The Act overrules *McCarty,* stating: "[A] court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court." (10 U.S.C. § 1408(c)(1).) The husband points to the fact that Congress, in addition to overruling *McCarty,* said however in defining "disposable retired or retainer pay," specifically excluded "the retired pay of a member retired for disability under chapter 61 of [title 10]. . . ." (10 U.S.C. § 1408(a)(4).) From this legislative history, it has been argued that Congress has not withheld from the State of California the power to apply state community property laws to disability pay. It is asserted the state may not directly interfere with the legitimate exercise of the federal government's power to determine to whom disability-retired service members' disability pay may be given. Any attempt to do so is void as an unconstitutional infringement upon the powers of Congress as protected by the supremacy clause of the United States Constitution, article VI, clause 2.

In *Fidelity Federal Sav. & Loan Assn.* v. *de la Cuesta* (1982) 458 U.S. 141 [73 L.Ed.2d 664, 102 S.Ct. 3014], there was a direct conflict between the State of California as enunciated in its *Wellenkamp* decision (*Wellenkamp* v. *Bank of America* (1978) 21 Cal.3d 943 [148 Cal.Rptr. 379, 582 P.2d 970]) and the regulations issued by the Federal Home Loan Bank Board pursuant to the Home Owners' Loan Act of 1933. The Supreme Court said:

"Even where Congress has not completely displaced state regulation in a specific area, *state law is nullified to the extent that it actually conflicts with federal law.* Such conflict arises when 'compliance with both federal and state regulations is a physical impossibility,' *Florida Lime & Avocado Growers, Inc.* v. *Paul,* 373 U.S. 132, 142-143, . . . *or when state law 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress,'* *Hines* v. *Davidowitz,* 312 U.S. 52, 67. . . . See also *Jones* v. *Rath Packing Co.,* 430 U.S., at 526. . . ; *Bethlehem Steel Co.* v. *New York Labor Relations Bd.,* 330 U.S. 767, 773 . . . . These principles are not inapplicable here simply because real property law is a matter of special concern to the States: 'The relative importance to the State of its own law is not material when there is a conflict with a valid federal law, for the Framers of our Constitution provided that the federal law must prevail.' *Free* v. *Bland,* 369 U.S. 663, 666. . . ; see also *Ridgway* v. *Ridgway,* 454 U.S. 46, 54-55. . . ." (*Fidelity Federal Sav. & Loan Assn.* v. *de la Cuesta, supra,* 458 U.S. at p. 153 [73 L.Ed.2d at p. 675, 102 U.S. at p. 3022]; italics added.) Thus the United States Supreme Court concluded Federal Home Loan Bank Board regulations preempted the due on sale restrictions of *Wellenkamp.* Contrary to the bank regulations in *Fidelity Federal Sav. & Loan Assn., supra,* the Act fails to address whether disability retirement pay may or may not be treated by state courts as property of the member or of his or her spouse's community property. The husband infers the Act must be read to prohibit the State of California from treating disability retirement pay as community property since by this omission Congress has not accorded to the states power to apply state community property laws to disability pay. However, in order to find congressional preemption of a state rule or statute, it is essential to find Congress actually considered and reached some decision concerning the issue involved. (See *United States* v. *Bass* (1971) 404 U.S. 336, 349, 350 [30 L.Ed.2d 488, 497, 498, 92 S.Ct. 515].) The United States Supreme Court recently said: "On the rare occasion when state family law has come into conflict with a federal statute, this Court has limited review under the Supremacy Clause to a determination whether Congress has 'positively required by direct enactment' that state law be preempted. [Citation.]" (*Hisquierdo* v. *Hisquierdo* (1979) 439 U.S. 572, 581 [59 L.Ed.2d 1, 10, 99 S.Ct. 802].) It should be noted here that under California law, the disability retirement pay of a member of the military armed forces is treated as separate property. (*In re Marriage of Jones* (1975) 13 Cal.3d 457 [119 Cal.Rptr. 108, 531 P.2d 420].)

The judgment in *In re Marriage of Stenquist, supra,* awarded a portion of Colonel Stenquist's disability retirement pay to his former spouse only because Stenquist was eligible to receive either disability or nondisability retirement pay, and he elected upon retirement to receive disability pension of 75 percent of his base pay rather than nondisability retirement at 65

percent of his base pay. The trial court treated the 10 percent excess of the disability pension as representing additional compensation attributable to Stenquist's disability and classified the balance as retirement benefits acquired during the marriage as community property. By this disposition, the California rule which prevents a spouse from transmuting community property into separate property by unilateral decision thereby defeating the interest of the other party was vindicated. Pending some positive treatment by Congress indicating the inapplicability of this *Stenquist* rule on the Stenquist facts here, the decision should not be held to violate the federal supremacy clause.

Judgment affirmed.

Cologne, Acting P. J., and Work, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 20, 1983.