Filed 5/28/15  Assaf v. Super. Ct. CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| ELIAS ASSAF et al., | B260319 |
| Petitioners, | (Los Angeles County Super. Ct. No. BD563252) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| IRLANDA RACHED et al., | |
| Real Parties in Interest. | |

ORIGINAL PROCEEDINGS in mandate.  Holly J. Fujie, Judge.  Petition granted.

Andrew F. Kim and Robert M. Ungar, for Petitioners.

No appearance for Respondent.

Smaili & Associates, Adam K. Obeid and Jihad M. Smaili, for Real Parties in Interest.

_____

Because a husband in marital dissolution proceedings was alleged to have wrongfully transferred community assets to third parties, the superior court ordered the third parties to produce unredacted copies of their individual and corporate tax returns. They petitioned for writ relief directing the trial court to vacate its order on the ground that tax returns are privileged. We grant the petition. Tax returns are generally protected from compelled production, but an exception exists where they belong to a party to marital dissolution proceedings. Although that exception also permits discovery of the tax information of a corporation closely held by a party, it does not apply to unrelated third parties.

## BACKGROUND[1]

In 2009, Irlanda Rached filed marital dissolution proceedings against her husband, Victor Chalfoun. She later dismissed the proceedings. A few months later, Chalfoun sold a community property asset, a company called Power Auto Insurance Services (Power Auto), to Elias and Zeina Assaf (together, the Assafs) for $1,000. Power Auto was resold two years later for a price in excess of $2 million.

In 2012, Rached filed another marital dissolution action against Chalfoun. She also filed a separate civil action in 2013 against Chalfoun and the Assafs in the Orange County Superior Court, alleging Chalfoun fraudulently transferred Power Auto and other marital assets to the Assafs without her knowledge or consent. The parties represent that the Orange County action has been stayed pending resolution of the dissolution proceedings.

In the dissolution proceeding, Rached subpoenaed the deposition of Zeina Assaf and demanded records pertaining to the Power Auto transfer and other transactions involving Chalfoun. Zeina was deposed on October 2, 2014, but was unable to recall much that was pertinent and refused to provide the requested documents. After Rached

---

[1] Our summary of the factual background is drawn from the pleadings and other documents included in the exhibits to the petition. Nothing in this opinion should be construed as a resolution of a disputed issue of fact or as a determination that certain facts are undisputed.

moved to compel production, the Assafs produced certain business records, including federal and state individual and corporate tax returns that were completely redacted except for information relating specifically to Chalfoun and any entity described in the document demand. Rached moved to compel a further production that included unredacted tax returns.

The Assafs appeared at the hearing on Rached's motion with unredacted tax returns for in camera review, but the trial court declined to examine them, instead tentatively ruling that it would appoint a discovery referee. Rached objected to appointment of a discovery referee.

The trial court observed that the Assafs were "entangled" with Chalfoun, that "relevant issues may be contained in" their tax returns, and that the returns were therefore directly relevant to the issue of "where did the money go." Concluding that "moneys that may include community property funds . . . have been transferred to and by the Assafs and their related parties and entities," the court found the information Rached sought was directly relevant to the litigation, a compelling public need for it outweighed the Assafs' right of privacy, and the requested discovery was "necessary and sufficiently narrowly circumscribed in that [the] information [was] not available from other sources or through less intrusive means." The court found that third parties whose financial information was included in the Assafs' tax returns had no privacy interest in that information and were not entitled to notice of the disclosure to Rached.

The Assafs petitioner this court for a writ of mandate, seeking to overturn the trial court's discovery ruling. We issued an order to show cause.

**DISCUSSION**

Discovery rulings are reviewed for abuse of discretion. (*Costco Wholesale Corp. v. Superior Court* (2009) 47 Cal.4th 725, 733.)

It is unlawful for administrative officers of the Franchise Tax Board to disclose information contained in tax returns. (Rev. & Tax. Code, § 7056, subd. (a)(1).) Our Supreme Court has interpreted this proscription to imply a privilege against forced disclosure of tax returns in civil discovery proceedings. (*Schnabel v. Superior Court*

3

(1993) 5 Cal.4th 704, 719 (*Schnabel*); *Sav-On Drugs, Inc. v. Superior Court* (1975) 15 Cal.3d 1, 6; *Webb v. Standard Oil Co. of Cal.* (1957) 49 Cal.2d 509, 513.) The privilege is not absolute. It may be expressly or impliedly waived, and will not prevent compelled disclosure of tax returns where a "public policy greater than that of confidentiality of tax returns is involved." (*Schnabel*, *supra*, at p. 721.) The public policy exception is narrow, and may be invoked only in favor of a policy that has been expressly declared by the Legislature. (*Ibid*.) Such an exception will rarely be found. (E.g., *Fortunato v. Superior Court* (2003) 114 Cal.App.4th 475 [in a will contest, no compelling public policy outweighed the tax return privilege].)

California has a "strong legislative policy in favor of fair child and spousal support awards and a fair division of community assets." (*Schnabel*, *supra*, 5 Cal.4th at p. 722.) That policy overcomes the tax return privilege in marital dissolution proceedings, and a party to such proceedings must disclose his or her tax returns to the opposing party. (Fam. Code, § 3552; *Miller v. Superior Court* (1977) 71 Cal.App.3d 145, 148.)

The marital dissolution exception to the tax return privilege was narrowly expanded in *Schnabel* to apply not only to the parties' returns, but also to a return belonging to a close corporation owned by a party. There, the husband in dissolution proceedings was a 30 percent shareholder in a close corporation that had only one other owner. The husband's shares were community property. The Supreme Court held that on "the specific facts" of that case, the corporation's tax returns were discoverable. Its payroll tax returns were also discoverable, but only insofar as the information contained therein pertained directly to the husband. Information in the payroll tax returns that identified persons other than the husband need not be produced "[a]bsent a specific showing of relevance or need." (*Schnabel*, *supra*, 5 Cal.4th at pp. 722-723.) The marital dissolution exception has not been expanded further.

*Schnabel* controls here. Under it, the Assafs were not required to produce tax returns containing information pertaining to persons or entities other than Chalfoun absent a specific showing of relevance or need. Rached made no such showing. We will assume for the sake of argument that Rached established that Chalfoun engaged in a

4

concerted and multifarious effort to dispose of and conceal extensive community assets and that the Assafs conspired in the effort, knowingly receiving community assets and later transferring them to third parties (or back to Chalfoun). Those circumstances would support the trial court's order for disclosure of the Assafs' business records, but that discovery has already been produced and is not at issue here.

The Assafs' *tax* information pertaining to further-removed third parties is not directly relevant to their conspiracy with Chalfoun. There was no evidence, for example, that the Assafs' returns contained information pertaining to any community asset previously transferred by Chalfoun. Instead, the trial court found only that "relevant issues *may* be contained in" the tax returns, and "moneys that *may* include community property funds" were transferred. Although this may meet the general test for discoverability of business records, it does not meet the direct relevance test necessary for disclosure of nonparty tax records. (*Schnabel*, *supra*, 5 Cal.4th at p. 723 [tax information pertaining to unrelated third parties is privileged notwithstanding the marital dissolution exception].) It was therefore an abuse of discretion to grant Rached's motion to compel production of that information.

Rached invites us to utilize the doctrine of implied findings to support the trial court's order. Even were we inclined to do so, we could not on this record because nothing in it suggests anything beyond what we have already assumed to be true, that the Assafs conspired with Chalfoun to secrete community assets. We accordingly grant the petition and direct the court to deny Rached's motion.

## DISPOSITION

The petition is granted.  Let a peremptory writ of mandate issue directing the superior court to vacate the portion of its order of November 21, 2014 granting Rached's motion to compel the Assafs to produce individual and corporate federal and state tax returns, and enter a new order denying that part of the motion.  Petitioners shall recover their costs of this writ proceeding.

NOT TO BE PUBLISHED.


CHANEY, J.


We concur:


ROTHSCHILD, P. J.


JOHNSON, J.

6