Opinion
 

 KANE, J.
 

 Petitioner, plaintiff in an action for personal injuries, seeks a writ to prohibit respondent superior court from enforcing its order requiring her to produce and permit inspection and copying of her W-2 forms. The order was made despite petitioner’s assertion of the privilege against disclosure of her income tax returns. Real parties, defendants in the action, argue that W-2 forms, as opposed to income tax returns, are not privileged, and that the information is relevant to petitioner’s claim of income lost by reason of injuries sustained in the automobile collision upon which the action is based. We have concluded that the order does violate petitioner’s privilege; consequently, she is entitled to relief by prerogative writ
 
 (Sav-On Drugs, Inc.
 
 v.
 
 Superior Court
 
 (1975) 15 Cal.3d 1, 5 [123 Cal.Rptr. 283, 538 P.2d 739]).
 

 In
 
 Sav-On Drugs, Inc.,
 
 the most recent Supreme Court case dealing with the application of the privilege, plaintiff in a class action sought by interrogatory information relating to the deductions and adjustments taken by one of several defendants in state sales tax returns filed pursuant to the Revenue and Taxation Code. The defendant claimed that the information sought was privileged, relying on Revenue and Taxation Code section 7056. The court stated: “In
 
 Webb
 
 v.
 
 Standard Oil
 
 
 *143
 

 Co.,
 
 49 Cal.2d 509, 512 [319 P.2d 621], we construed former Revenue and Taxation Code section 19282. This section provided in part that, except in tax enforcement proceedings, ‘ “. .. it is a misdemeanor for the Franchise Tax Board, any deputy, agent, clerk, or other officer or employee, to disclose in any manner information as to the amount of income or any particulars set forth or disclosed in any report or return required under this part.” ’ (Although § 19282 has since been amended, the language of the present statute is substantially the same.) In
 
 Webb
 
 we noted that the purpose of such provisions as section 7056 is ‘to facilitate tax enforcement by encouraging a taxpayer to make full and truthful declarations in his return, without fear that his statements will be revealed or used against him for other purposes.’
 
 (Id.,
 
 at p. 513.) In
 
 Webb
 
 we unanimously held that forcing the taxpayer himself to produce a copy of his state or federal income tax returns, which the opposing party wished to use for impeachment purposes, would effectively defeat this legislative purpose. We continued ‘[t]he effect of the statutory prohibition [of disclosure] is to render the returns privileged, and the privilege should not be nullified by permitting third parties to obtain the information by adopting the indirect procedure of demanding copies of the tax returns.’
 
 (Ibid.)
 
 We have subsequently within other contexts reaffirmed the privileged nature of tax returns. (See
 
 Aday
 
 v.
 
 Superior Court,
 
 55 Cal.2d 789, 796 [13 Cal.Rptr. 415, 362 P.2d 47], and
 
 Crest Catering Co.
 
 v.
 
 Superior Court,
 
 62 Cal.2d 274, 277 [42 Cal.Rptr. 110, 398 P.2d 150], wherein we expressly refused to overrule
 
 Webb.)
 

 “Finally, in
 
 Webb,
 
 we made it clear that attempts to avoid the application of the privilege by indirect means could not be tolerated. (49 Cal.2d at p. 513.) Real party in interest’s interrogatory 40 appears to be such an attempt. While not asking either for the return itself or a copy, the question does seek information concerning specific entries in the return. To require petitioner to respond to such an inquiry would render meaningless the privilege recognized in
 
 Webb, A day
 
 and
 
 Crest Catering Co.
 
 Assuming Revenue and Taxation Code section 7056 protects the returns themselves, it is reasonable to conclude that it must also protect the information contained in the returns. The writ of prohibition must issue as to interrogatory 40.”
 

 Extending the reasoning of the
 
 Sav-On Drugs
 
 case to the situation involved here, we must reject real parties’ argument that the W-2 forms are not included within the privilege. The W-2 forms, which are required to be attached to a taxpayer’s state and federal income tax returns, constitute an integral part of the return and qualify as
 
 *144
 
 “information contained in the returns” within the meaning of
 
 Sav-On Drugs, Inc.,
 
 v.
 
 Superior Court, supra.
 

 [1]
 

 Nor is this a case, such as
 
 Wilson
 
 v.
 
 Superior Court (1976) 63
 
 Cal.App.3d 825 [134 Cal.Rptr. 130], wherein the taxpayer, by initiating an action over her tax returns, placed their content in issue and thereby waived the privilege.
 

 Let a writ of prohibition issue as prayed for in the petition.
 

 Taylor, P. J., and Rouse, J., concurred.
 

 [1]
 

 Sections 19282 and 19283 of the Revenue and Taxation Code presently read as follows:
 

 Section 19282: “Except as
 
 otherwise
 
 provided in this article,
 
 it is
 
 a misdemeanor
 
 for the
 
 Franchise Tax Board or any member thereof, or any deputy, agent, clerk, or other officer or employee of the state (including its political subdivisions) who in the course of his or her employment or duty has access to
 
 returns, reports, or documents required under this part,
 
 to disclose or make known in any manner
 
 information as to the amount of income or any particulars set forth or disclosed therein."
 
 (Italics added.)
 

 Section 19283: “Such information may be disclosed in accordance with properjudicial order in cases or actions instituted for the enforcement of this part or for the prosecution of violations of this part,”