[Civ. No. 42999. First Dist., Div. Two. May 23, 1978.]

MARGARET GLENN COATE, Individually
and as Executrix, etc., Petitioner, v.
THE SUPERIOR COURT OF MARIN COUNTY, Respondent;
MARIA E. WOODS et al., Real Parties in Interest.

**COUNSEL**

Zang, Friedman & Damir, Robert E. Zang and Anthony P. David for Petitioner.

No appearance for Respondent.

Donahue, Gallagher, Thomas & Woods and Andrew W. Lafrenz for Real Parties in Interest.

**OPINION**

**ROUSE, J.**—Petitioner seeks a writ of mandate to compel respondent court to set aside its order granting a motion to compel further answers to interrogatories, on the ground that the order violates the privilege against disclosure of her income tax returns. We have concluded that the order

does violate petitioner's privilege; consequently, she is entitled to relief by prerogative writ. (*Brown* v. *Superior Court* (1977) 71 Cal.App.3d 141, 142 [139 Cal.Rptr. 327].)

Petitioner is a defendant, individually and as executrix of the will of her deceased husband, in an action brought by plaintiffs, who are the real parties in this proceeding. Real parties seek an award of damages for breach of a partnership agreement and breach of a fiduciary duty. In the course of discovery, real parties propounded interrogatories to petitioner, seeking information with respect to partnership income reported by decedent for income tax purposes. Petitioner objected to these interrogatories, claiming that, since she and decedent had filed joint federal and state income tax returns for the years in question, such returns were privileged, hence not subject to discovery. Real parties moved to compel further responses to the interrogatories, contending that decedent had waived the privilege by disclosing certain information with respect to partnership profits and losses to real party Joseph Woods. Petitioner opposed the motion, arguing that real parties had not demonstrated waiver by the decedent, and that, in any event, there was no showing by real parties that petitioner had waived the privilege. Respondent court granted the motion and thereafter denied petitioner's motion for reconsideration and for a protective order.

■ There is ample authority to the effect that the privilege against disclosure of tax returns may be waived. (*Sav-On Drugs, Inc.* v. *Superior Court* (1975) 15 Cal.3d 1, 7 [123 Cal.Rptr. 283, 538 P.2d 739]; *Crest Catering Co.* v. *Superior Court* (1965) 62 Cal.2d 274, 277-279 [42 Cal.Rptr. 110, 398 P.2d 150]; *Wilson* v. *Superior Court* (1976) 63 Cal.App.3d 825, 828 [134 Cal.Rptr. 130]; *Vogan* v. *McLaughlin* (1959) 172 Cal.App.2d 65, 72 [342 P.2d 18].) Nevertheless, we conclude that, in the absence of a waiver by *each* of the holders of the privilege, the court may not compel disclosure of joint federal or joint state income tax returns, or any information contained therein. Such a policy is in harmony with the declared purpose which underlies the privilege of tax returns, namely, "to facilitate tax enforcement by encouraging a taxpayer to make full and truthful declarations in his return, without fear that his statements will be revealed or used against him for other purposes." (*Webb* v. *Standard Oil Co.* (1957) 49 Cal.2d 509, 513 [319 P.2d 621].) "[F]orcing the taxpayer himself to produce a copy of his state or federal income tax returns . . . would effectively defeat this legislative purpose." (*Sav-On-Drugs, Inc.* v. *Superior Court, supra,* 15 Cal.3d at p. 6; *Webb* v. *Standard Oil Co., supra,*

49 Cal.2d at p. 513; *Brown* v. *Superior Court, supra,* 71 Cal.App.3d at p. 143.)

In this instance, the order compelling disclosure violates petitioner's rights as a nonwaiving joint holder of the privilege. Thus we need not decide whether decedent husband waived the privilege, for his waiver may not be imposed to deprive petitioner of her right to claim the privilege. Any other conclusion would effectively defeat the legislative purpose.

Let a writ of mandate issue as prayed for in the petition.

Taylor, P. J., and Kane, J., concurred.