Filed 8/25/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| SAYS SIRI,<br>        Plaintiff and Appellant,<br>v.<br>SUTTER HOME WINERY, INC.,<br>        Defendant and Appellant. | A161923<br><br>(Napa County<br>Super. Ct. No. 26-59035) |

Says Siri appeals from a judgment of dismissal entered after the trial court granted a motion by Sutter Home Winery, Inc., doing business as Trinchero Family Estates (Trinchero) to enforce a settlement agreement pursuant to Code of Civil Procedure section 998 (section 998). Siri contends the judgment must be reversed because the court exceeded its authority by purporting to adjudicate whether the parties' offer and acceptance formed a binding agreement. While it may be that in an appropriate procedural context the formation of a binding settlement agreement can be established——an issue we do not decide—the trial court erred in holding that such an agreement had been reached pursuant to the procedures of section 998. Therefore, the judgment of dismissal must be reversed.

**Factual and Procedural History**

This is the second appeal in this case; our opinion in *Siri v. Sutter Home Winery, Inc.* (2019) 31 Cal.App.5th 598 sets forth the underlying facts and procedural history. For present purposes, suffice it to say that the prior decision enabled Siri to pursue a cause of action against her former employer Trinchero for wrongful termination in violation of public policy. On remand,

1

in October 2019, Trinchero served an offer to compromise pursuant to section 998. The offer was to pay Siri $500,000 in exchange for her dismissal with prejudice of all claims. The offer stated that it "may be accepted by signing the below Notice of Acceptance," and it was accompanied by a page so captioned, with signature lines for Siri and her lawyer.

During the 30-day period in which Trinchero's section 998 offer remained in effect, the parties' lawyers communicated about whether Siri's potential acceptance would trigger a right to prejudgment interest.[1] Siri had served Trinchero with a section 998 offer for $499,999 at the outset of litigation in 2012, which had not been accepted, and Siri claimed that her acceptance of Trinchero's 2019 offer for a higher sum would trigger the cost-shifting provisions of Civil Code section 3291,[2] entitling her to recover

---

[1] In support of its motion to enforce the settlement, Trinchero offered evidence of those discussions, to which Siri objected based on Evidence Code section 1152. (*Ibid.* ["Evidence that a person has, in compromise . . . offered . . . to furnish money . . . to another who . . . claims that he or she has sustained . . . loss or damage, as well as any conduct or statements made in negotiation thereof, is inadmissible to prove his or her liability for the loss or damage."].) The trial court sustained Siri's objection, in a ruling from which Trinchero has filed a purported cross-appeal. Rulings on evidentiary objections, however, are not appealable (*Dabney v Wilhelm* (1923) 190 Cal. 340, 340–341), so the purported cross-appeal must be dismissed. Nonetheless, were the excluded evidence relevant to the disposition of Siri's appeal, the merits of the ruling could be considered in that connection. Trinchero did not seek to use the challenged evidence for the purpose forbidden by Evidence Code section 1152, so the disputed ruling was erroneous, as Trinchero argues and Siri does not dispute. Thus, we briefly describe that evidence, although for the reasons indicated in text, the erroneously excluded evidence has no bearing on the outcome of this appeal.

[2] Under that statute, if a plaintiff in a personal-injury action serves a section 998 offer that a defendant does not accept, and the plaintiff later obtains a more favorable judgment, the judgment will bear interest at 10 percent per year from the date of the offer. (Civ. Code, § 3291.)

prejudgment interest of approximately $379,000. Trinchero's lawyer maintained that Siri's acceptance of the offer would not result in a judgment in her favor or entitle her to prejudgment interest. Siri apparently indicated she would accept the offer if amended to allow her to move for prejudgment interest and "let the chips fall where they may." Two days after Trinchero advised that it would not modify the offer, Siri served, but did not file, "objections" to the section 998 offer, contending it was defective because it did not address the availability of pre- or postjudgment interest on the proposed $500,000 payment.

Five days later, Siri's lawyer served a document titled "Notice of Conditional Acceptance of [Trinchero's section] 998 Offer." It stated, "Subject to clarification by the court in regard to [Siri's section] 998 offer dated May 12, 2012, entitling her to prejudgment interest, and subject further to clarification by the court in regard to the scope of [Trinchero's section] 998 offer dated October 29, 2019, and clarification in regard to entry of the proposed judgment tendered by [Siri], [Siri] gives formal notice of her conditional acceptance of [Trinchero's section] 998 offer to compromise, in the amount of $500,000, dated October 29, 2019."

The next day, Siri filed the objections to Trinchero's section 998 offer that she had served a week earlier, together with a motion asking the court to enter a judgment in her favor that would be "consistent with [her] conditional acceptance" and include prejudgment interest. Soon afterward, Trinchero filed a "Notice of Plaintiff's Acceptance of [Section] 998 Offer." The notice, to which a copy of the conditional acceptance was attached, stated that "Although [Trinchero] does not waive any right to file an opposition to separately respond to the substantive issues raised in [Siri]'s motion requesting entry of judgment pursuant to . . . section 998, . . . , [Trinchero]

3

notes [that] the 'conditions' [Siri] addresses in the motion and partially sets forth in her acceptance of [Trinchero]'s [section] 998 offer are simply requests that the court clarify post-resolution questions." Trinchero requested that the court "vacate the trial date and all related deadlines . . . , pending entry of the dismissal of the action with prejudice, while retaining jurisdiction to hear [Siri]'s motion " The court did so.

Subsequently, the court issued a minute order denying Siri's motion for entry of judgment. The court reasoned that if Siri had accepted the section 998 offer, she would not be entitled to an order entering judgment in her favor, but would be obliged to dismiss her claims with prejudice, which she had not done. The court noted that issues regarding the effect of Siri's "conditional acceptance," and whether the parties had entered a binding settlement, were not yet before it.

Thereafter, Trinchero filed a motion pursuant to section 998 to enforce the purported settlement agreement, supported by a declaration from its lawyer describing her negotiations with plaintiff's lawyer. Siri filed an opposition and evidentiary objections. The court sustained the objections but granted the motion.

In its minute order, the court found that Siri's service of her conditional acceptance created a binding settlement, while adding that its finding was supported by Trinchero's notice of acceptance. The court quoted that notice's observation that "the conditions [Siri] . . . sets forth in her acceptance . . . are simply requests that the court clarify post-resolution questions," and noted that Siri "did not object to any aspect of the notice of acceptance, including its characterization of the apparent meaning of [her] acceptance." The court held that despite its title, the "conditional acceptance" was absolute: "While [Siri] uses the term 'conditional,' the court finds no conditions set forth in [her]

4

acceptance. Rather, that document's plain language simply makes the acceptance subject to the court's determination of three specific issues. Importantly, the Siri acceptance does not condition acceptance on any particular finding by the court. Put another way, it is not made subject to the court's making any specific finding on any of the three issues. Rather, it is simply subject to the court's ongoing authority to hear those issues."

The court declined Trinchero's request to rule that Siri was *not* entitled to prejudgment interest, instead making a "limited" finding that Siri "accepted [Trinchero]'s [section] 998 offer[,] creating a binding settlement agreement" that required Trinchero to make a payment of $500,000 "in consideration for and conditioned upon [Siri]'s dismissal, with prejudice, of all claims brought . . . in [this] matter." The court scheduled a hearing on an order to show cause regarding dismissal.

Siri then filed a motion seeking pre- and postjudgment interest. The court denied her request, in an order Siri does not challenge on appeal. The court entered a judgment of dismissal, and Siri filed a timely notice of appeal.

## Discussion

Section 998 states that "any party may serve an offer in writing upon any other party to the action to allow judgment to be taken in accordance with the terms and conditions stated at that time. . . . [¶] (1) If the offer is accepted, the offer with proof of acceptance shall be filed and the clerk or the judge shall enter judgment accordingly." (§ 998, subd. (b).) Subdivisions (c) through (f) of section 998 specify the consequences of failing to accept a valid section 998 offer if the offeree does not ultimately obtain a more favorable outcome, shifting certain litigation costs to the offeree. Subdivision (b) states that an offer under its provisions must contain the terms and conditions of the proffered judgment "and a provision that allows the accepting party to

5

indicate acceptance of the offer by signing a statement that the offer is accepted." The acceptance must be in writing, signed by counsel for the accepting party (or the party if not represented by counsel). (*Ibid.*) "If the offer is accepted, the offer with proof of acceptance shall be filed and the clerk or the judge shall enter judgment accordingly." (§ 998, subd. (b)(1).)

The process of making and accepting offers pursuant to section 998 is contractual in nature. General principles of contract law apply insofar as "such principles neither conflict with nor defeat [the statute's] purpose." (*T.M. Cobb Co. v. Superior Court* (1984) 36 Cal.3d 273, 280.) We review de novo the court's legal conclusions. (*Serafin v. Balco Properties Ltd., LLC* (2015) 235 Cal.App.4th 165, 173; *Whatley-Miller v. Cooper* (2013) 212 Cal.App.4th 1103, 1113.)

To form a binding settlement, an offeree's acceptance of a section 998 offer must be " 'absolute and unqualified.' " (*Bias v. Wright* (2002) 103 Cal.App.4th 811, 820, quoting Civ. Code, § 1585; *Gray v. Stewart* (2002) 97 Cal.App.4th 1394, 1397.) A qualified or conditional acceptance does not form a contract, but constitutes a counteroffer. (Civ. Code, § 1585.) At common law, such a counteroffer terminates the offer; in the section 998 context, however, the statute's pro-settlement purpose dictates that a counteroffer does not terminate a section 998 offer but leaves the offer in effect until it expires or is revoked. (*Poster v. Southern Cal. Rapid Transit Dist.* (1990) 52 Cal.3d 266, 272.)

Because an effective acceptance must be absolute and unqualified, *Bias* concluded that under section 998 the court lacks authority to adjudicate any disputes about its meaning. (*Bias v. Wright, supra,* 103 Cal.App.4th at pp. 821–822.) On that view, if an acceptance is not so unqualified that it may be filed and judgment entered as a ministerial matter, the purported

6

acceptance is necessarily ineffective. Whether or not the court lacks any authority to resolve ambiguities in such a document, which we need not decide, it is clear that the acceptance here was conditional, as it states, and therefore not an effective acceptance of the section 998 offer.

Trinchero's offer was to pay $500,000 "in full and complete settlement of [Siri's] claims in this action."[3] Siri's "conditional acceptance" stated, "Subject to clarification by the court in regard to [Siri's section] 998 offer dated May 12, 2012, entitling her to prejudgment interest, and subject further to clarification by the court in regard to [two other issues], [Siri] gives formal notice of her conditional acceptance of [Trinchero's] section 998 offer . . . ." Even assuming that the trial court correctly rejected Siri's suggestion that this ambiguous condition required the court to award her prejudgment interest, the acceptance was nonetheless conditioned on her right to pursue "clarification" of three issues, including her asserted right to recover prejudgment interest, with the possibility that the court might award such interest.

Had the section 998 offer been accepted without qualification, the action would have been dismissed without any further proceedings and the

---

[3] The offer stated, "[Trinchero] offers to resolve completely this matter on the following terms: [¶] (1) "[Trinchero] shall make payment to [Siri] in the total sum of [$500,000], in full and complete settlement of her claims in this action, including the remaining cause of action for wrongful termination in violation of public policy, to be inclusive of all potential economic and non-economic damages arising therefrom, as well as reasonable costs incurred as of the date of this offer. [Siri] shall bear her own attorneys' fees . . . ; and, [¶] (2) This offer is further conditioned upon the *dismissal, with prejudice*, of all claims brought by [Siri] against [Trinchero] . . . . [¶] [Trinchero] makes this offer as a compromise of litigation; [Trinchero] does not admit liability in doing so. This offer may be accepted by signing the . . . notice of acceptance" (boldface omitted)

possibility that the court might award interest would have been foreclosed. Trinchero's offer was to pay $500,000 without having to risk, among other things, the possibility of being required to pay more. Its offer did not assume the risk that the court, exercising its "ongoing authority to hear those issues," might award prejudgment interest on top of the $500,000 offered "in full and complete settlement of [Siri's] claims." That the court ultimately denied Siri's request for prejudgment interest does not change the fact that the section 998 offer effectively required Siri to abandon any request for such interest, and that her conditional acceptance effectively rejected that element of the offer with a counteroffer that would enable her to make such a request.

Thus, Siri's "conditional acceptance" was precisely that—an "acceptance" conditioned on the addition of new terms to the bargain proposed in the section 998 offer. Although those terms involved only the right to have the court consider certain arguments that the court ultimately rejected, they still were additional terms that made the "conditional acceptance" conditional. The acceptance thus did not create a binding settlement enforceable under section 998.[4] The court erred in ruling that it did, and the judgment dismissing the action must be vacated.

Nonetheless, we do not preclude the possibility that an enforceable settlement agreement may be found to exist utilizing procedures other than section 998. Treating Siri's conditional acceptance as a counteroffer that

---

[4] Trinchero cites *Prince v. Invensure Ins. Brokers, Inc.* (2018) 23 Cal.App.5th 614 for the proposition that parties' communications about a section 998 offer while the offer is pending can "clarify" an otherwise ambiguous offer, rendering the offer valid, so that its rejection entitles the offeror to post-offer costs. Even if that view is correct, it is inapplicable here. Siri's "Conditional Acceptance" was not ambiguous in a respect clarified by subsequent discussions. The "Conditional Acceptance" added a condition to an unambiguous offer that had not included any such condition.

8

Trinchero accepted by agreeing to have the court rule on Siri's motion for an award of interest, the court might find that an enforceable settlement agreement had been reached. (See *Levy v. Superior Court* (1995) 10 Cal.4th 578, 585 & fn. 3 [identifying methods of enforcing settlement agreements].) Such an issue is not now before us; we hold only that Siri's conditional acceptance did not create an agreement enforceable under section 998.

## Disposition

On Siri's appeal, the judgment of dismissal is reversed and the matter is remanded for further proceedings consistent with this opinion. Trinchero's purported cross-appeal is dismissed for lack of jurisdiction. The parties shall bear their respective costs on appeal.

POLLAK, P. J.

WE CONCUR:

STREETER, J.
GOLDMAN, J.

Trial court: Napa County Superior Court

Trial judge: Honorable Monique Langhorne

Counsel for plaintiff and appellant: BENEDON & SERLIN, LLP
Kelly Riordan Horwitz
Kian Tamaddoni

Counsel for defendant and appellant: LITTLER MENDELSON, P.C.
Constance E. Norton
Lisa Lin Garcia
Amelia A. McDermott